IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Wayne McDaniels, | ) | |
| | ) | Case No. 7:18-cv-02796-TLW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Chuck Wright, Sheriff for Sptg. Co.; Tim | ) | |
| Tucker, Det. for Sptg. Sheriff Dept.; Phil | ) | |
| Easler, Det. for Sptg. Sheriff Dept.; Barry | ) | |
| Joe Barnette, Solicitor for Sptg. Co.; and | ) | |
| Robert Hall, Public Defender for Sptg. Co.; | ) | |
| all sued in their individual and official | ) | |
| capacities, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

Plaintiff Kevin Wayne McDaniels brought this civil action, *pro se* and *in forma pauperis*,

alleging violations of his constitutional rights by Spartanburg County Sheriff Chuck Wright,

detectives Tim Tucker and Phil Easler, Solicitor Barry Joe Barnette, and Public Defender Robert

Hall. ECF No. 1. This matter now comes before the Court for review of the Report and

Recommendation (Report) filed by United States Magistrate Judge Shiva V. Hodges, to whom this

case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)

(D.S.C.). ECF No. 11. In the Report, the Magistrate Judge recommends that the case be dismissed

without prejudice and without issuance of service of process.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate

Judge's Report and Recommendation to which a specific objection is registered, and may accept,

reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C.

§ 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Plaintiff's complaint seeks monetary damages and injunctive relief related to the investigation and prosecution of his burglary charges. The Magistrate Judge concluded that because Plaintiff did not show that he successfully challenged his imprisonment, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In his objections, Plaintiff again failed to demonstrate or allege that he successfully challenged his sentence and imprisonment. Thus, his claims are barred by *Heck*.

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the Objections, and relevant filings. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 11, is **ACCEPTED**, and this case is hereby **DISMISSED** without prejudice and without issuance of service of process. Additionally, as the Magistrate Judge noted, Plaintiff cannot cure the deficiencies of his complaint by amendment because he has not shown that he has successfully challenged his sentence and imprisonment. Accordingly, Plaintiff's motion to amend the complaint, ECF No. 15, is **DENIED** as futile.

**IT IS SO ORDERED.**

_s/Terry L. Wooten_
Senior United States District Judge

September 24, 2019
Columbia, South Carolina